UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN SHAW,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA ET AL.,<br><br>    Defendants. | Case No. 12-cv-1207 DMS (BLM)<br><br>**ORDER DENYING EX PARTE MOTION TO STAY** |

Pending before the Court is Plaintiff Norman Shaw's ex parte motion to stay proceedings pending resolution of his petition for writ of mandamus in the Court of Appeals for the Ninth Circuit. For the reasons stated below, Plaintiff's motion is denied.

**I.**

**BACKGROUND**

On July 21, 2017, Defendant U.S. Bank, N.A. filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant contended the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") bars this Court from hearing Plaintiff's claim under the Truth in Lending Act ("TILA") because Plaintiff failed to exhaust his mandatory administrative remedies.

On August 8, 2017, Plaintiff filed a motion to stay and to conduct discovery, contending he needed to conduct discovery in order to fully respond to Defendant's motion to dismiss. Specifically, Plaintiff argued it was necessary to determine (1) "whether Plaintiff's loan was sold prior to the date the FDIC placed [Washington Mutual Bank, F.A.] in receivership[,]" (2) "whether exhaustion of remedies would have been futile[,]" and (3) "whether exhaustion of FIRREA actually occurred." (ECF No. 88, Ex Parte Mot. at 7–10.) On August 14, 2017, the Court denied the motion on grounds that the first request for discovery was irrelevant to forming an opposition to the motion to dismiss, and Plaintiff had not made a sufficient showing in support of the second and third requests for discovery. On September 6, 2017, Plaintiff filed a petition for writ of mandamus in the Ninth Circuit, requesting reversal of this Court's denial of his motion. Thereafter, the present motion to stay followed.

## II.
## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party seeking a stay bears the burden of justifying the exercise of that discretion. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). In deciding whether to issue a stay pending an appeal, the district court must apply the same four-part standard it applies in reviewing requests for a preliminary injunction. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). A party seeking a stay "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a

[stay], so long as the plaintiff also shows that there is a likelihood of irreparable injury and that [a stay] is in the public interest." *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011).

**A.     Likelihood of Success on the Merits**

Whether Plaintiff will succeed on the merits turns on whether the Ninth Circuit will grant his petition for writ of mandamus. Plaintiff contends he is likely to succeed on the merits of his mandamus petition because the Court erred by relying on Defendants' arguments, which "offered no meaningful support for any contention that discovery should be denied[,]" and the Court's order "lack[ed] citation to authority to support [its] decision[.]" (ECF No. 93, Ex Parte Mot. at 5.) The remedy of mandamus, however, "is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976). "[O]nly exceptional circumstances amounting to a judicial usurpation of power ... or a clear abuse of discretion ... will justify the invocation of this extraordinary remedy." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted).

The petitioner has the burden to establish "that its right to issuance of the writ is clear and indisputable." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953) (internal quotation omitted). The Ninth Circuit applies a five-factor test to determine whether mandamus relief is warranted:

> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal.... (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.

*DeGeorge v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 219 F.3d 930, 934 (9th Cir. 2000) (quoting *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650 (9th Cir. 1977)). "In analyzing the *Bauman* factors, ... [n]ot every factor need be present at once; indeed, the fourth and

fifth will rarely be present at the same time." *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotation marks omitted). "However, the absence of the third factor, clear error, is dispositive." *Id*. (internal quotation marks and citation omitted).

Given that the absence of the third factor, clear error factor, is dispositive, the Court will address it first. As the Ninth Circuit has explained, "'[b]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quoting *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)). The Court denied the first request for discovery because it was not relevant to forming an opposition to the motion to dismiss. The sole argument in Defendant's motion to dismiss was that Plaintiff's TILA claim is barred by the jurisdiction-stripping provisions of FIRREA. Plaintiff initially contended discovery was necessary to determine whether his loan was sold prior to the date the FDIC placed Washington Mutual Bank, F.A. ("WaMu") in receivership. However, whether the loan was sold prior to or after such date is irrelevant because Plaintiff's TILA claim against Defendant "relat[e] to any act or omission" of the original bank, WaMu. FIRREA requires exhaustion of "any claim relating to any act or omission of [any depository institution for which the FDIC has been appointed receiver]." 12 U.S.C. § 1821(d)(13)(D)(ii). Plaintiff TILA claim, which stems from alleged disclosure defects in the original loan documents, is "based on the conduct of the failed institution" because the operative loan documents were drafted and executed by WaMu, not Defendant. *Rundgren v. Wash. Mut. Bank*, FA, 760 F.3d 1056, 1064 (9th Cir. 2014).

Moreover, the Court denied Plaintiff's second and third requests for discovery because Plaintiff had not made a sufficient showing in support of these requests. Plaintiff argued discovery was necessary to determine whether exhaustion of

administrative remedies would have been futile and whether exhaustion of FIRREA occurred. Plaintiff, however, "g[a]ve [the Court] no reason to believe that FIRREA exhaustion would have been futile had [he] submitted [his claim] within the appropriate time frame." *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1213 (9th Cir. 2012). Nor did Plaintiff provide any argument as to whether his claim is "otherwise not susceptible of resolution through FIRREA's administrative procedure[.]" *Rundgren v. Wash. Mut. Bank, FA*, 760 F.3d 1056, 1061 (9th Cir. 2014) (citation omitted). In addition, because a claimant must first complete claim procedure under the FIRREA before seeking judicial review, Plaintiff is in the best position to know whether he exhausted his remedies under FIRREA. *See Henderson v. Bank of New England*, 986 F.2d 319, 321 (9th Cir. 1993). In light of the foregoing, the Court concludes that it did not commit clear error in denying Plaintiff's motion. Accordingly, Plaintiff has failed to show a likelihood of success on the merits.

**B. Irreparable Injury**

Next, the Court will consider the irreparable injury to Plaintiff in the absence of the stay. Plaintiff must show more than a mere "possibility" of irreparable harm, but instead he must "demonstrate that irreparable injury is *likely* in the absence of [a stay]." *Winter*, 555 U.S. at 22; *see Am. Trucking Ass'ns Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). "Speculative injury cannot be the basis for a finding of irreparable harm." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007). Plaintiff argues he will suffer irreparable injury of "los[ing] his entire case" should Defendant prevail in its motion to dismiss. (ECF No. 93, Ex Parte Mot. at 5.) This is insufficient to support a finding that Plaintiff will suffer irreparable harm in the absence of a stay. Plaintiff does not demonstrate any immediate threatened injury in the absence of the stay. In any event, the Court has expressly stated at the mandate hearing that it may hold an evidentiary hearing upon receiving full briefing by both parties: "What I would suggest is that we set a briefing schedule and a hearing. Have the matter briefed by the parties. Then I can determine, after seeing

the briefs, whether or not evidence needs to be taken, or whether the court can engage in fact finding based on the briefing. And perhaps there may be undisputed facts that the court can determine, or it may be necessary to take evidence and have an evidentiary hearing. But I won't know that until I read the briefs." (ECF No. 90, Transcript of Mandate Hearing at 6–7.) Because Plaintiff has failed to show likelihood of success on the merits and likely irreparable harm, the Court need not address the balance of equities and public interest factors.

### III.
### CONCLUSION

For the reasons stated above, Plaintiff's motion to stay is denied. Plaintiff shall file his opposition to Defendant's motion to dismiss on or before October 20, 2017, and Defendant shall file its reply brief on or before October 27, 2017. The hearing on the motion to dismiss is scheduled for November 3, 2017, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: October 4, 2017

Hon. Dana M. Sabraw
United States District Judge