UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN SHAW,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA ET AL.,<br><br>    Defendants. | Case No. 12-cv-1207 DMS (BLM)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

    Pending before the Court is Defendant U.S. Bank, N.A.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). The motion came on for hearing on November 3, 2017. Plaintiff appeared on behalf of himself, and Bryant Delgadillo appeared on behalf of Defendant. After considering the parties' briefs, oral argument, the relevant legal authority, and the record, Defendant's motion is granted.

**I.**

**BACKGROUND**

    In July 2006, Plaintiff refinanced his residence located at 308 Corto Street in Solana Beach, California ("Property") by borrowing $1.26 million from Washington Mutual Bank ("WaMu"), secured by a deed of trust on the Property. (First Amended Complaint ("FAC") ¶¶ 6–7.) Plaintiff alleges WaMu sent a defective notice of the

right to cancel in violation of the Truth in Lending Act ("TILA") and Regulation Z. (*Id.* ¶ 20.) On June 26, 2009, Plaintiff sent a notice of rescission to WaMu, Defendant, and other financial institutions on the ground that WaMu failed to satisfy TILA's disclosure requirements. (*Id.* ¶ 10.) Although Defendant acknowledged receipt of the notice, it has not rescinded the loan. (*Id.* ¶ 11.)

At the time Plaintiff sent the notice of rescission, the Office of Thrift Supervision had already closed WaMu. On September 25, 2008, WaMu was placed into the receivership of the Federal Deposit Insurance Corporation ("FDIC"). JPMorgan Chase Bank, N.A. ("Chase") entered into a Purchase and Assumption Agreement with the FDIC. Pursuant to the Agreement, Chase acquired WaMu's assets. Defendant is the designated trustee of the WaMu Mortgage Pass-Through Certificate Series 2006-AR11, which includes Plaintiff's loan. (Mem. of P. & A. in Supp. of Mot. at 5; Mem. of P. & A. in Opp'n to Mot. at 2.)

In March 2009, after Plaintiff defaulted on the loan, a notice of default and election to sell was recorded, with a foreclosure date of July 14, 2009. (Declaration of Norman Shaw ("Decl. Shaw") ¶ 8.) Facing foreclosure, Plaintiff filed for Chapter 11 bankruptcy on July 9, 2009. (*Id.* ¶¶ 9, 21.)

On May 18, 2012, Plaintiff filed a complaint against Defendant, seeking rescission of the loan. On September 6, 2013, the Court issued an order conditionally denying Defendant's motion for summary judgment. The denial was contingent on Plaintiff complying with his obligations to tender by November 13, 2013. When Plaintiff failed to tender, the Court dismissed the action on December 10, 2013. On January 6, 2014, Plaintiff filed a notice of appeal.

On appeal, Defendant raised for the first time the issue of subject matter jurisdiction. On June 6, 2017, the Ninth Circuit remanded the action to this Court with instructions to conduct fact-finding and to determine whether Plaintiff's rescission claim under TILA is barred by the jurisdiction-stripping provisions of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA").

Thereafter, Defendant filed the present motion to dismiss for lack of subject matter jurisdiction.

## II.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Lack of subject matter jurisdiction may be raised at any time by any party or by the court. *See* Fed. R. Civ. P. 12(h). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual ." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id*. In resolving a facial attack, the court, "[a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, … determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)). In contrast, a "factual" attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id*. (citations omitted). In resolving a factual attack, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Meyer*, 373 F.3d at 1039 (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

# III.
# DISCUSSION[1]

Defendant argues the court lacks subject matter jurisdiction over Plaintiff's TILA claim pursuant to the jurisdiction-stripping provisions of FIRREA. Defendant contends the allegations contained in the FAC are insufficient on their face to invoke federal jurisdiction because Plaintiff has not alleged he has exhausted his claim through FIRREA's administrative claims process. Defendant also argues Plaintiff cannot satisfy his burden of establishing subject matter jurisdiction because it is undisputed he failed to file the required administrative claim with the FDIC. Defendant therefore makes both facial and factual jurisdictional challenges.

Congress enacted FIRREA "in an effort to prevent the collapse of the [savings and loan] industry" in the late 1980s. *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1211 (9th Cir. 2011). In order "to enable the federal government to respond swiftly and effectively to the declining financial condition of the nation's banks and savings institutions," FIRREA granted "the FDIC, as receiver, broad powers to determine claims asserted against failed banks." *Henderson v. Bank of New Eng.*, 986 F.2d 319, 320 (9th Cir. 1993). To maximize the FDIC's ability to fulfill its role as claim adjudicator, FIRREA "provides detailed procedures to allow the FDIC to consider certain claims against the receivership estate." *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012).

When liquidating a failed bank's assets, the FDIC must "promptly publish a notice to the depository institution's creditors to present their claims [to the FDIC]

---

[1] Plaintiff and Defendant both request the Court to take judicial notice of various documents. The Court takes judicial notice of the bankruptcy filing in *In re Norman Edmund Shaw*, Case No. 09-09810-LT7 attached as Exhibit 11 to Defendant's request for judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). The Court declines to take judicial notice of the remaining documents contained in the parties' requests for judicial notice because they are not necessary to the resolution of the present motion.

by a specified date in the notice[,]" otherwise known as a "claims bar date." 12 U.S.C. § 1821(d)(3)(B). Claims must be filed by the claims bar date set by the FDIC, which must be at least 90 days after notice is published. *Id*. Upon its appointment as receiver for WaMu, the FDIC set December 30, 2008 as the deadline for filing claims against the WaMu receivership.

FIRREA strips courts of jurisdiction over claims that have not been exhausted through the FDIC's administrative process:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over--
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D).

The Ninth Circuit has explained, "Section 1821(d)(13)(D) is drafted broadly to preclude courts from exercising jurisdiction over 'any claim or action for payment from, or any action seeking a determination of rights with respect to' the assets of a failed bank in the hands of the FDIC, or 'any claim relating to any act or omission' of a failed bank, without respect to the identity of the claimant." *Rundgren*, 760 F.3d at 1061 (quoting 12 U.S.C. § 1821(d)(13)(D)). Moreover, the Ninth Circuit has held "FIRREA's jurisdictional bar applies to claims asserted against a purchasing bank when the claim is based on the conduct of the failed institution." *Benson*, 673 F.3d at 1214.

Plaintiff contends the Court has subject matter jurisdiction over his TILA rescission claim because FIRREA's exhaustion requirement does not apply to claims under TILA. Under Ninth Circuit law, however, FIRREA's jurisdictional bar applies to any claims asserted against a purchasing bank, including a TILA rescission claim, when the claims are based on the conduct of the failed institution.

| | |
|---|---|
| 1 | *Benson*, 673 F.3d at 1214; *see Carmichael v. JPMorgan Chase Bank*, N.A., No. 16-56525, 2017 WL 4422865, at *1 (9th Cir. Oct. 4, 2017) (dismissal of action alleging violations of TILA "proper because the district court lacked subject matter jurisdiction, as [plaintiff] failed to exhaust the administrative claim process under the [FIRREA]."); *Grady v. Levin*, 655 F. App'x 601, 602 (9th Cir. 2016) ("[plaintiff's] proposed TILA claims against [defendant] ... are subject to dismissal under [FIRREA].").

Plaintiff also contends FIRREA's exhaustion requirement is inapplicable to his TILA claim because, "while WaMu's acts may have given rise to the initial TILA violation against [Plaintiff], ... it was [Defendant] that violated TILA by failing to rescind[.]" (Mem. of P. & A. in Opp'n to Mot. at 18.) Plaintiff's TILA claim, however, plainly qualifies as "functionally, albeit not formally, against [the] failed bank." *Benson*, 673 F.3d at 1215. The TILA claim stems from alleged disclosure defects in the original loan documents, which is "based on the conduct of the failed institution" because the operative loan documents were drafted and executed by WaMu, not Defendant. *Rundgren*, 760 F.3d at 1064. Indeed, according to the allegations in the FAC, WaMu failed to make required disclosures under TILA when he obtained the loan in 2006. (FAC ¶¶ 24–27.) By relying on WaMu's alleged wrongdoing, Plaintiff's claim clearly "relat[es] to any act or omission" of the failed bank, and is therefore subject to FIRREA's exhaustion requirement. 12 U.S.C. § 1821(d)(13)(D); *see also Tellado v. IndyMac Mortg. Servs.*, 707 F.3d 275, 280 (3d Cir. 2013) (holding that FIRREA applied to plaintiffs' claim against a purchasing bank because "[w]ithout [the failed bank's] wrongdoing, the [plaintiffs] would have no right to cancel and therefore no claim").

Relying on *McCarthy v. F.D.I.C.*, 348 F.3d 1075 (9th Cir. 2003), Plaintiff further argues "FIRREA jurisdiction-stripping applies only to assets on the books of a financial institution at the time it goes into receivership." (Mem. of P. & A. in Opp'n. of Mot. at 13.) Plaintiff therefore renews his request for discovery to |

determine "whether the Loan was on WaMu's books at the time it failed and went into receivership[.]" (Id. at 14.) *McCarthy*, however, did not deal with the statutory subsection at issue here: the jurisdictional bar on claims "relating to any act or omission" of a failed bank. *See Benson*, 673 F.3d at 1213. Moreover, as the Court has explained previously in its order denying Plaintiff's motion to conduct discovery, whether the loan was sold prior to or after such date is irrelevant to the resolution of the present motion because § 1821(d)(13)(D)(ii) "asks whether claims 'relate to any act of omission" of a failed institution or the FDIC." *Id.* at 1212. Plaintiff's renewed request for discovery is therefore denied.[2]

Next, Plaintiff argues "[s]tripping jurisdiction under FIRREA of a TILA rescission claim raises due process issues and denies the borrower any means to resolve his claim." (Mem. of P. & A. in Opp'n. of Mot. at 20–21.) As Plaintiff acknowledges, the Ninth Circuit has already rejected such arguments. *See Benson*, 673 F.3d at 1213 ("to the extent plaintiffs assert they currently lack a remedy, that result can only be attributed to their failure to exhaust.") (citing *Bueford v. Resol. Trust Corp.*, 991 F.2d 481, 486 (8th Cir.1993) ("Since the language of the statute expressly provides for judicial review after exhaustion of the administrative procedures, [plaintiff] cannot prevail on her claim that FIRREA's administrative procedures deny her due process by making judicial review unavailable."); *see also Feigel v. F.D.I.C.*, 935 F. Supp. 1090, 1100 (S.D. Cal. 1996) ("The court does not find that the administrative claims procedure requirements of FIRREA violate[] due process.").

Lastly, at the hearing on the present motion, Plaintiff bemoaned Defendant's

---

[2] Plaintiff's remaining requests for discovery pertaining to "whether any notice was sent to him regarding the FDIC receivership; what the various financial-institution recipients of his rescission letter did with it; and whether any of the recipients forwarded the letter to the FDIC" are denied on the same grounds. (Mem. of P. & A. in Opp'n. of Mot. at 10.)

ability to raise a jurisdictional argument for the first time on appeal. However, as Plaintiff acknowledged, the issue of jurisdiction can be raised at any time during the proceedings. *Att'ys Trust v. Videotape Comput. Prods., Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996).

Here, the FAC alleges a TILA claim relating to an act or omission of WaMu; yet, Plaintiff has not alleged, nor can he–consistent with his Rule 11 obligations[3]– that he filed a claim with the FDIC and exhausted his administrative remedies. Plaintiff conceded as much at the hearing. Moreover, in his Balance of Schedules, Statements and/or Chapter 13 Plan filed with the bankruptcy court on July 24, 2009, Plaintiff attested he had no pending administrative proceedings within one year immediately preceding the filing of his bankruptcy case. (RJN, Ex. 11.) Therefore, it is undisputed Plaintiff failed to file a claim with the FDIC and thus, failed to exhaust his administrative remedies.

## III.
## CONCLUSION

The Court lacks jurisdiction over this action. Defendant's motion to dismiss is therefore granted.

**IT IS SO ORDERED.**

Dated: November 7, 2017

_____
Hon. Dana M. Sabraw
United States District Judge

---

[3] Federal Rule of Civil Procedure Rule 11 requires factual contentions alleged in a pleading, written motion, or other paper "to be based on a good-faith belief, formed after reasonable inquiry, that they are 'well grounded in fact[.]'" *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 65 (1987) (citing Fed. R. Civ. P. 11).